### R. M. LESLY v. JOHN D. MINOS.

**New Trial—Newly Discovered Evidence.**
> Where one suffers judgment and prior thereto had made no diligent search for a receipt, he is not entitled to a new trial because since the trial he has found the receipt.

#### APPEAL FROM PIKE CIRCUIT COURT.

October 5, 1876.

Opinion by Judge Pryor:

It is alleged in the petition to vacate the judgment, by the appellant, that he made diligent search after the judgment had been ren-

dered against him, for the lost note, being satisfied that he had paid it, and upon making this search found it among his appellant's papers; that the appellee was mistaken in alleging that it had not been paid, and asserted his right to a judgment from a want of recollection as to what had transpired prior to the war. The statements of the petition, if true, do not bring the case within any of the provisions of the Code of Practice, authorizing the granting of new trial or vacating judgment. If the appellant had made diligent search before judgment, and when process was served upon him, he might have found the note, and according to his own statement the judgment against him, if improper, results from his own laches.

Besides, the appellant's own father now swears that he was present when the money was paid and the note taken up, and of this fact the appellant must have been apprised. He was, therefore, negliment in not making inquiry of those who, according to his own statement, must have known all about it. The appellee also accounts for the manner in which the father of appellant got possession of the note. Brown, the attorney, says that the note alleged to have been lost was given up to appellant's father for the purpose of having it renewed; that both the old note and the renewal note was handed to the father with the direction that when renewed it was to be delivered to a man by the name of Hamilton. The note held was renewed, and the father may have forgotten to deliver the old note to Hamilton. He, however, swears that the note was paid to Hamilton, and this may be true; but such negligence on the part of the appellant in the preparation of his defense, connected with the doubt therein on the question of payment created by the testimony of Brown, precludes a court of equity from affording any relief; and, in fact, the statements in the petition, if conceded to be true, present no case for the interposition of the chancellor.

Judgment *affirmed.*

*Apperson & Reid, for appellant.   George N. Brown, for appellee.*